IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARSENIO ANAYA,

    Petitioner,

v.                                                                                                                          Civ. No. 21-460 WJ/GJF

CNMCF, *et al*,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Arsenio Anaya's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 [ECF 1] (Petition). Anaya also filed a Motion to Proceed *in Forma Pauperis* [ECF 2] (Motion). Anaya challenges his state convictions stemming from intoxicated driving. Having reviewed the matter *sua sponte*, the Court will require Anaya to show cause why the Petition should not be dismissed for failure to exhaust state remedies.

## I. BACKGROUND[1]

Anaya pled guilty in 2018 to aggravated driving under the influence of drugs or alcohol (8th offense), driving on a revoked license, and fleeing a law enforcement officer. [ECF 1 at 1]; *see also* Plea and Disposition Agreement in D-412-CR-2017-00251. By a judgment entered February 27, 2020, the state court sentenced Anaya to ten years imprisonment. [ECF 1 at 1]; *see also* Judgment in D-412-CR-2017-00251. Anaya filed a motion to reconsider sentence, a state habeas petition, and a direct appeal. *See* Docket Sheet in D-412-CR-2017-00251. The state trial

---

[1] The background facts are taken from the Petition and Anaya's state criminal dockets, Case Nos. D-412-CR-2017-00251 and A-1-CA-39249, which are subject to judicial notice. *See Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

court denied all relief by an omnibus order entered April 16, 2021, and the New Mexico Court of Appeals (NMCA) issued a mandate dismissing the appeal on April 27, 2021. *See* Omnibus Order and Mandate in D-412-CR-2017-00251.

Anaya filed the instant Petition a few weeks later, on May 17, 2021. He asks the Court to vacate all state convictions under 28 U.S.C. § 2254, arguing his blood alcohol test constitutes an illegal search. [ECF 1 at 5]. Anaya filed an *in forma pauperis* Motion to support the Petition, which reflects he is unable to prepay the $5 habeas filing fee. The Court will therefore grant the Motion [ECF 2] and analyze whether Anaya exhausted state remedies as part of the initial habeas review.

## II. ANALYSIS

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). "*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008). *See also id.* at 746 ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies…may be may be raised by a court *sua sponte*.").

The Petition clearly reflects that Anaya did not present his federal claim to the New Mexico Supreme Court (NMSC). Anaya lists his NMCA appeal in the Petition and then wrote "N/A" in the sections addressing further appeals. [ECF 1 at 2-5]. The state court dockets confirm that Anaya did not seek certiorari review with the NMSC and instead filed the § 2254 Petition shortly after the NMCA ruled. *See* Docket Sheets in D-412-CR-2017-00251; A-1-CA-39249. Anaya has therefore not met the federal exhaustion requirement.

### III. CONCLUSION

For the reasons above, **IT IS ORDERED** that **no later than June 22, 2021**, Anaya shall show cause in writing as to why any § 2254 claims should not be dismissed without prejudice for failure to exhaust state remedies. Failure to timely respond will result in dismissal of this action without further notice.

**IT IS FURTHER ORDERED** that Anaya's Motion to Proceed *In Forma Pauperis* [ECF 2] is **GRANTED**.

**SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE