# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ARSENIO ANAYA,

    Petitioner,

v.                                                          No. 21-cv-0460 WJ-GJF

CNMCF, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Arsenio Anaya's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Anaya challenges his state convictions stemming from intoxicated driving. The Court previously directed him to show cause why this case should not be summarily dismissed for failure to exhaust state remedies. Having reviewed his response and applicable law, the Court will dismiss the Petition without prejudice.

## BACKGROUND[1]

Anaya pled guilty in 2018 to aggravated driving under the influence of drugs or alcohol (8th offense), driving on a revoked license, and fleeing a law enforcement officer. *See* Doc. 1 at 1; Plea and Disposition Agreement in D-412-CR-2017-00251. On or about February 25, 2020, the state court sentenced Anaya to ten years imprisonment. *See* Doc. 1 at 1. Anaya filed a motion to reconsider sentence, a state habeas petition, and a direct appeal with the New Mexico Court of Appeals (NMCA). *See* Docket Sheet in D-412-CR-2017-00251. The state trial court denied all

---

[1] The background facts are taken from the Petition and Anaya's state criminal dockets, Case Nos. D-412-CR-2017-00251 and A-1-CA-39249, which are subject to judicial notice. *See Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

relief by an omnius order entered April 16, 2021, and NMCA issued a mandate dismissing the appeal on April 27, 2021. *See* Omnibus Order and Mandate in D-412-CR-2017-00251.

Anaya filed the instant Petition a few weeks later, on May 17, 2021. He asks the Court to vacate all state convictions under 28 U.S.C. § 2254, arguing his blood alcohol test constitutes an illegal search. *See* Doc. 1 at 5. By a Memorandum Opinion and Order entered May 24, 2021, the Court screened the Petition under Habeas Corpus Rule 4 and determined Anaya failed to exhaust state remedies before seeking federal relief. *See* Doc. 4 (Screening Ruling). Anaya was permitted to file a response showing cause, if any, why the Court should not be dismissed without prejudice to refiling after the exhaustion process is complete. Anaya timely complied (Doc. 5), and the matter is ready for review.

## ANALYSIS

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). "*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies…may be may be raised by a court *sua sponte*.").

2

As previously noted, the Petition clearly reflects that Anaya did not present his federal claim to the New Mexico Supreme Court (NMSC). Anaya lists his NMCA appeal in the Petition and then wrote "N/A" in the sections addressing further appeals. *See* Doc. 1 at 2-5. The state court dockets confirm that Anaya did not initially seek certiorari review with the NMSC and instead filed the § 2254 Petition a few weeks after the NMCA denied relief. *See* Docket Sheets in D-412-CR-2017-00251; A-1-CA-39249.

In response to the Screening Ruling, Anaya filed a letter-motion to clarify the portions of his Petition addressing exhaustion. *See* Doc. 5. He states he "made a mistake by putting N/A in the sections addressing further appeals" and that he is willing to redraft his Petition, if need be. *Id.* at 1. The state docket reflects that on June 25, 2021 – after receiving the Screening Ruling – Anaya also filed a certiorari petition with the NMSC. *See* Petition in S-1-SC-38876. Anaya hopes to satisfy the exhaustion requirement by initiating a further appeal with the NMSC after filing this case. However, "because [Anaya's] … appeal … is still pending before the [New Mexico] courts, he has not exhausted all available state remedies." *Lamar v. Zavaras*, 430 Fed. App'x 718, 720 (10th Cir. 2011). *See also Carbajal v. Lynn*, 640 Fed. App'x 811, 813 (10th Cir. 2016) ("no reasonable jurist could debate … that it would be premature to address [petitioner's § 2254] … challenge … while his direct appeal remains pending"); *Glaser v. Raemisch*, 668 Fed. App'x 341 (10th Cir. 2016) (same); *Daegele v. Crouse,* 429 F.2d 503 (10th Cir. 1970) (same).

For this reason, and because Anaya has not argued exhaustion would be futile, the Court will dismiss the Petition without prejudice. The Court will also deny a certificate of appealability under Habeas Rule 11, as this ruling is not reasonably debatable. Anaya may refile his federal § 2254 claims after completing the exhaustion process. He is advised that a one-year limitation period

3

applies to his habeas claims, and he should file a new § 2254 petition as soon as possible after the exhaustion process is complete. *See* 28 U.S.C. § 2244(d). The one-year period runs from the date the criminal judgment becomes final, not necessarily the date the NMSC issues its ruling. *Id.*

**IT IS ORDERED** that Arsenio Anaya's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (**Doc. 1**) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil habeas case.

**IT IS FURTHER ORDERED** that the Clerk's Office may **TERMINATE** Anaya's show-cause response (**Doc. 5**), which was submitted as a motion.

**SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE